**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4476**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:18-cr-00017-ELH-10)

Submitted: April 18, 2019                    Decided: April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Jenifer Wicks, LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Christine Oi Jyn Goo, Special Assistant United States Attorney, Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Robinson pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The district court sentenced Robinson to 144 months in prison in accordance with his stipulated plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), discussing the validity of Robinson's guilty plea, counsel's effectiveness, and the reasonableness of Robinson's sentence. Robinson was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Robinson's plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record confirms that Robinson voluntarily and knowingly waived his right to appeal his conviction and any sentence imposed. Thus, the waiver is valid and enforceable and, in accordance with the terms of his plea agreement, Robinson may not challenge the reasonableness of his sentence—to which he expressly agreed—or his conviction on appeal.

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on

2

ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). In accordance with our obligations under *Anders*, we have reviewed the entire record for any unwaived, meritorious issues for appeal and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal, in part, and dismiss as to Robinson's challenge to his sentence and any other waived issues. Although we deny the motion, in part, as to any unwaived issues, we affirm the district court's judgment, in part.[*] This court requires that counsel inform Robinson, in writing, of his right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] To the extent Robinson asserts that defense counsel rendered ineffective assistance, these arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of any ineffective assistance of counsel claim Robinson may assert.